# Rothrock *v.* Rothrock.

*Practice—Trial—Evidence—Witness.*

Where a witness has testified at great length as to a paper, and no objection to his testimony has been pressed to an exception, until the paper is offered in evidence, when an objection is made to the competency of the witness, and the paper is excluded, and the record further shows that no motion was made to strike out the testimony of the witness, and no direction to the jury was asked for or given, to disregard his testimony, the Supreme Court will not hold that the whole of the testimony of the witness was excluded by the refusal of the court to admit the paper.

*Mortgage—Bond—Payment—Question for jury.*

In an action on a mortgage given to administrators to secure the purchase money of land, the question whether a bond accompanying the mortgage had been paid is for the jury where the evidence shows that a receipt had been given signed by one of the administrators, which it was alleged by the mortgagor was on account of the bond; that there was no proof of any other money transaction between the administrator and the mortgagor; that the receipt was given on the very day when the papers were actually transferred which was not the day of their date; that the deed contained an express receipt for the whole of the purchase money including the amount mentioned in the receipt produced; that the administrator filed an account in which he charged himself with the whole of the purchase money, and that no question as to the payment of the bond had been raised for a period of twenty years after it became due.

Argued April 16, 1900.   Appeal, No. 357, Jan. T., 1899, by plaintiffs, from judgment of C. P. Centre Co., April T., 1895, No. 425, on verdict for plaintiffs in case of David Rothrock, Admr., d. b. n. c. t. a. of Henry Rothrock, deceased, for the use of David Rothrock, John Rothrock, Thomas Rothrock and Anna R. Long v. Henry Rothrock, Jr., with notice to John Woods, George Garbrick, Sallie J. Kelley, William Kelley and George Kelley, terre-tenants.   Before GREEN, C. J., McCOLLUM, DEAN, BROWN and MESTREZAT, JJ.   Affirmed.

Scire facias sur mortgage.   Before MARTIN BELL, P. J., 24th judicial district, specially presiding.

At the trial it appeared that the mortgage in suit had been given to the administrators of Henry Rothrock, Sr., to secure the payment of two bonds bearing even date therewith, one in

the sum of $4,929.56 to secure to the widow during her life annually the sum of $295.77, and at her death to pay the said sum of $4,929.56 to the heirs of the decedent, and the other to secure the payment of $6,670.10 to Nancy A. Rothrock and John Rothrock, administrators of the said decedent, on or before November 26, 1876, with interest from November 26, 1875, Defendant claimed credit for $1,571.04 as of April 15, 1876.

The facts as to this alleged payment appear by the charge of the court below which was in part as follows:

[Then as to the credit of $1,571.04 as of April 15, 1876; and the principal controversy in the case clusters around the question as to whether or not this credit should be allowed. In the first place, it is but fair to the counsel for the plaintiffs to state that such counsel requests this court to say to you, as a matter of law, that that credit cannot be allowed, the evidence of it being too vague and indefinite. So the counsel for the plaintiffs contend, but I decline to so instruct you, as a matter of law, and submit for your consideration, under the evidence as it has been adduced in this trial and the instructions as to the law as this court gives them to you, whether this credit on April 15, 1876, of $1,571.04, should or should not be allowed; with the instruction, however, the same instruction that I gave you in relation to the $150, that the burden is on the defendant to satisfy you by the weight of the evidence that the defendant is entitled to that credit. And when you come to the question as to whether this credit shall be allowed, you will recollect, in the first place, as to the receipt. The receipt which the defendant offers is the main evidence of such payment and reads as follows:] [1]

" Received April 15, 1876, of Henry Rothrock, Jr., $1,571.04 on account.

         " JOHN HOFFER,
             " Administrator."] [1]

[The first question for your determination will be, does that word " administrator " mean administrator of Henry Rothrock, Sr., deceased? It is alleged that it does; that there is no evidence of any other estate transaction between Henry Rothrock, Jr., and John Hoffer, administrator, except in the Henry Roth-

rock, Sr., estate ; and, that it is not conceivable that this receipt refers to any other estate, or that John Hoffer intended it for any other administrator, except as the administrator of the Henry Rothrock, Sr., estate.    How is this, gentlemen ?    If the weight of the evidence satisfies you that the word " administrator" was intended to mean the administrator of the Henry Rothrock, Sr., estate, then you will go on and inquire in the second place, on account of what was this sum of $1,571.04 paid. You will have to determine this question by the weight of the evidence, and the evidence on the subject is principally inferential, that is, it consists not of direct testimony but of inference or deductions to be drawn from certain facts ; and it will be for you to draw such inferences from the facts in evidence, because counsel for the respective parties differ widely in the inferences which they draw or attempt to draw from the facts in evidence.] [2]    [Counsel for the defendants say that this payment was on account of the deferred bond.    The counsel for the defendant claims that this must be so because they aver that there was no other amount due from Henry Rothrock, Sr., to John Hoffer, administrator; and they base their inference that no other amount was due, on certain facts.    As I have said before, the sale and confirmation of the sale of this land occurred in November, 1875, and the following spring a deed for the property was delivered to Henry Rothrock, Jr., and a mortgage was delivered by him to the administrators, cum testamento annexo, for the deferred payment of the dower bond.    That is what Henry Rothrock, Jr., testified to, but the deed in question and the mortgage in question do bear date April 4, 1876, and were acknowledged on that day, and the presumption of the law is that the papers were delivered on that day.] [2]

Then defendant's counsel claim that these trustees and administrators with the will annexed would not have delivered the deed and accepted the mortgage on that day unless the hand money had been fully paid.    Therefore, they contend that this amount could not, on April 15, 1876, have been paid on the hand money, because they allege that the hand money was fully paid prior to or on April 4, 1876.    And, in addition, counsel for the defendant point to the fact that on April 13, 1876, these administrators with the will annexed, the trustees in the partition proceedings, filed an account of their trustee-

ship, and as administrators of the estate, wherein they charged themselves with the hand money as received. And it was urged by the counsel for the defendant that they would not have so charged themselves with this hand money unless it was actually received; and if it was actually received prior to April 13, 1876, when they filed their account, then the payment of April 15, 1876, could not apply to the hand money. So it is alleged by counsel for the defendant, because the hand money had been fully paid. Now these are the principal reasons why it is alleged on the part of the defendant that this payment was on account of the deferred bond. In addition, it is argued by counsel for the defendant that had this large sum of money, $1,571, not been paid at that time, the plaintiffs, or use of plaintiffs rather, would not have waited nearly twenty years before bringing suit for it; that they were not persons in such circumstances and they would more promptly have brought suit.] [3]

The plaintiffs reply to this that the reason why the plaintiffs or use plaintiffs did not bring suit was that one of the administrators with the will annexed, Mrs. Rothrock, was their mother; that they did not want to annoy her with suits; and that the defendant, Henry Rothrock, Jr., was their brother, and they did not want to annoy him with suits; and that the explanation of the seeming delay is to be found in the relationship of the respective parties. And it is argued by counsel for the plaintiffs that there is no statute of limitations which would bar this suit short of twenty years. Then again the counsel for the plaintiffs draw an entirely different inference from the facts than do the counsel for the defendant. The counsel for the plaintiffs claim, in the first place, that Henry Rothrock, Jr., is falsifying either designedly or because of faulty memory, when he says that the deed to himself and the mortgage from himself were delivered on April 4, 1876. The counsel for the plaintiffs claim that they were not delivered until April 15, 1876. And as showing that they were not delivered until April 15, 1876, counsel for the plaintiffs point to the fact that the deeds were not recorded until April 15, 1876, and the mortgage was not recorded until April 15, 1876. The plaintiffs say Judge Hoy, counsel for the estate, was a careful lawyer, and had the mortgage been delivered to him April 4, 1876, he would have it recorded earlier than April 15.

It is suggested on the part of counsel for the defendant, however, that this was a purchase money mortgage, and that there was a period of thirty days during which the recording of the mortgage by Judge Hoy might have been safely deferred.

Then the counsel for the plaintiffs point to the fact that a number of other deeds were executed on April 15, 1876, the same day on which the plaintiffs' counsel claim that the deed and mortgage from Henry Rothrock, Jr., were in fact delivered. It seems that Henry Rothrock, Jr., sold out certain subdivisions of the farm from the tract of land which he bought to certain other parties; and on April 15, 1876, there were executed, delivered and recorded, deeds from Henry Rothrock, Jr., to George Garbrick, for seventy-five acres, consideration, $6,225; from Henry Rothrock, Jr., to Theodore Kelley for forty acres and ninety-four perches, consideration, $3,531.65; and from Henry Rothrock, Jr., to John Wood for twenty acres and twenty perches, consideration, $1,811.25.

Counsel for the plaintiffs contend that the explanation of this whole matter is that Henry Rothrock, Jr., did not have money wherewith to pay the purchase money until he received from these parties to whom he undersold the land the purchase money which they owed him, and that he turned in said purchase money, not on account of the deferred bond, but on account of the hand money; and that the trustees and Judge Hoy, their counsel, must have held all the papers until April 15, 1876; and then all the transactions were closed at once and the deed from the trustees or administrators to Henry Rothrock, Jr., was delivered on that day, and he gave the mortgage on that day, his purchasers paying him their respective debts on that day. The counsel for the plaintiffs attach some importance to the fact that this receipt is not for an even amount of money, that it is not for $1,500, such an amount as parties generally pay on land or on bonds, but it is for an odd amount. The counsel for the plaintiffs would have you infer that the reason why it is such an odd amount, $1,571.04, is that that was the balance of the purchase money. The counsel for the defendant, however, would have you infer that the reason why it is such an odd amount was that that was the amount which one of the purchasers from Henry Rothrock, Jr., paid to him that day, and that he turned it

over, not on account of the hand money, but on account of this deferred payment.

[I have endeavored, gentlemen, as fairly as I could without indicating or desiring to indicate how I would find if I were on the jury, to state the salient points presented by the respective counsel in their arguments, pro and con, as to the account to which this amount, $1,571.04, should be applied. If the weight of evidence satisfies you that it should be applied on account of the deferred bond, then you will so apply it and will give a credit for that amount to the defendant. On the contrary, if the weight of the evidence fails to so satisfy you then you will disregard it wholly. The questions at issue are within a narrow compass, namely, is the defendant entitled to a credit, first for the $150, the purchase money of a horse? Second, is he entitled to a credit for the amount of money mentioned in receipt of April 15, 1876, to wit: $1,571.04?] [4] I have not endeavored to recount all the testimony in the case to you. I have only endeavored to recount what seemed to me to be the more salient portions of it; and I have only endeavored to recount the more salient arguments of the respective counsel; but when you go to your jury room you will endeavor to remember all the testimony and all the arguments of the respective counsel, and give to such testimony as also to the arguments of the respective counsel the weight to which in your judgment they are entitled.

Your verdict, gentlemen, will be for a round sum, but as there are two bonds, after finding a round sum for the plaintiffs, you will designate how much of said round sum is to be treated as due on the dower bond and how much is to be treated as due on the deferred payment. I so direct you so that the court, in the future, may be able to control certain questions which may arise as to the person to whom the amount due from the defendant is payable. [As I said before, you will have the calculations of the respective parties before you. I presume, without carefully examining it, that the calculation submitted by the plaintiffs is the amount for which you are to render a verdict for the plaintiffs, in case you allow neither the $150 credit for the purchase money of the horse, nor the credit for $1,571.04. Then if you consider that is the basis of your calculations, if you allow a credit for the $150 as purchase money for the horse, that being a little over sixteen years ago, it would be a deduction of $300;

ROTHROCK *v.* ROTHROCK. 535

and if you allow a credit for the $1,571.04, there would be an additional deduction from the calculation as made by the plaintiff of the sum of $3,600.] [5]

Verdict for plaintiffs for $5,345.94. Plaintiffs appealed.

*Errors assigned* were (1–5) above instructions, quoting them; (6) the admission in evidence of the receipt of April 15, 1876.

*A. O. Furst,* with him *Clement Dale* and *Reeder & Quigley,* for appellant.—The plea of payment confesses the cause of action set forth in the plaintiff's statement: Hamilton v. Moore, 4 W. & S. 570.

A plea of settlement, without showing either its terms or its agreed result as to release, discharge, satisfaction or extinguishment of the liability sought to be enforced by the action, sets up no defense: Nance v. Winship Machine Co., 94 Ga. 649.

*D. F. Fortney,* with him *C. M. Bower, Ellis L. Orvis, Harry Keller, W. E. Gray* and *W. Harrison Walker,* for appellee.— We contend that Rothrock's testimony cannot be ignored, and having been given without valid objection must remain a controlling factor in the consideration of the cause.

Whether or not the receipt is for a payment upon the bond is a question of fact for the jury under all the evidence: Howard Express Co. v. Wile, 64 Pa. 201; Egbert v. Payne, 99 Pa. 239; Cole v. Bolard, 22 Pa. 431; Sterling v. Marietta & Susquehanna Trading Co., 11 S. & R. 179; Brown v. Burr, 160 Pa. 458.

Opinion by Mr. Chief Justice Green, April 30, 1900:
There was no objection to the competency of the witness Henry Rothrock when he was offered, nor until after he had testified to the sale of the farm to him, the execution and delivery of the deed to him, the execution of the bond and mortgage by him, the fact that he had sold and delivered deeds for three pieces of the land to three different persons, the fact that he owed nothing for the land outside of what was in the bond and mortgage, and the fact that he paid money to the administrators April 15, 1876, and that this was the same day that

he delivered the three deeds to the purchasers from him. He was then asked, still without objection: "Q. State whether or not you got a receipt from the administrators for that amount. A. I did. Q. (Showing paper.) State whether or not that is the receipt. A. That is the receipt. Q. State whether or not the money for which this receipt was given was to be credited on that bond? A. It was. The money I paid and the receipt I hold after the 4th day of April, 1876 was to be credited on the bond." He had previously testified as follows: "Q. State whether or not you made any other payments that are not credited on the mortgage? A. I have. Q. Can you tell the amount? A. Well there is something over $1,500. (Objected to.) Q. State whether or not that was a receipt for your interest. A. That was a receipt for my interest." The expression "objected to" is the note of the stenographer. But the record shows that no cause of objection was specified, no ruling of the court is stated, no exception was taken, and no assignment of error is made on this objection, or that in any way relates to it. It is therefore not to be considered in any other light than as a mere passing objection not pressed and not ruled upon by the court. This being the statement of the testimony, the receipt was offered in evidence and then for the first time an objection was made by the counsel for the plaintiff to the competency of the witness. The objection was sustained and the receipt was not admitted. Later on it was admitted when offered under the testimony of a disinterested witness upon proof of handwriting.

It is impossible to hold that the whole of the testimony of Henry Rothrock was excluded by the refusal of the court to admit the receipt. No objection for incompetency was made until after his testimony had been received. No motion was made to strike out his testimony, and no direction to the jury was asked for, or given, to disregard his testimony. In this condition of the record his testimony remains and was entitled to consideration both by the court and the jury.

But whether his testimony was in or out of the case, is not a matter of any great consequence. The other facts in evidence entirely undisputed, are very much more than sufficient to justify the verdict of the jury. The whole transaction between the parties was fully proved, the receipt was shown to

be in the handwriting of John Hoffer, he was a good and correct business man, there was no proof of any other money transaction between him and the witness, and there was full proof of this with all its details; the receipt was signed by Hoffer as administrator, it was given on the very day when the papers were actually transferred which was not the day of their date and the deed contained an express receipt for the whole of the purchase money including this. Hoffer filed an account on April 13 signed and sworn to, in which he charged himself with the whole of the purchase money; neither Hoffer nor any of the heirs made any demand for this money as not having been paid. Hoffer lived until December, 1885, nine years after the bond was due; Judge Hoy who prepared all the papers involved in the entire transaction, acting as counsel for the estate, lived until August, 1887, eleven years after the bond matured; the widow lived until 1894, and the heirs who were in need of money and whether they were in need or not, would naturally require payment of money which was due them, never even raised a question as to the payment of this money on the bond for a period of twenty years after it became due to them if it was unpaid. It is simply incredible that this money was due during all this time, or that any of the parties including the administrator and his counsel so regarded it. The question whether it had been paid was a pure question of fact which would in all circumstances have to be decided by a jury, and which was carefully and correctly submitted to them by the court. It would have been the gravest error to withdraw it from their consideration. We are thoroughly convinced that the verdict was right and fully sustained by all the testimony. The assignments of error are dismissed.

Judgment affirmed.